IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OTTOVICH, HARVEY OTTOVICH, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FREMONT: CITY OF FREMONT POLICE OFFICERS, RICARDO CORTES AS DOE 1, SARGEANT HEININGE AS DOE 2, OFFICER SETTLE AS DOE 3, OFFICER DANG AS DOE 4, Farmer as doe 5, VETERANS ADMINISTRATION PALO ALTO HEALTH CARE SYSTEM AS DOE 6, VETERANS ADMINISTRATION PALO CARE SYSTEM EMPLOYEE JOANIE DROBRICK PATIENT ADVOCATE as Doe 7, DOES 8 THROUGH 25,<br><br>Defendants. | No. CV-09-04181 MMC<br><br>**ORDER GRANTING DEFENDANT CITY OF FREMONT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Before the Court is defendant City of Fremont's ("Fremont") Motion to Dismiss plaintiffs' Second Amended Complaint ("SAC"), filed February 1, 2010, by which Fremont seeks, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of plaintiffs' First through Fourth Causes of Action.[1]  Plaintiffs Mark Ottovich and Harvey

---

[1] Plaintiffs' Fifth Cause of Action is alleged only against defendant Veterans Administration.  (See SAC ¶¶ 61-63.)

Ottovich have filed opposition,[2] to which Fremont has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' written submissions, hereby VACATES the March 19, 2010 hearing, and rules as follows.

**BACKGROUND**

On January 7, 2010 plaintiffs' filed their SAC, in which plaintiffs allege, as against Fremont, four Causes of Action under 42 U.S.C. § 1983:[3] (1) "Violation of Plaintiff's Civil Right to be Free from Unreasonable Seizure" (First Cause of Action); (2) "Violation of Plaintiff's Civil Right to be Free from Unreasonable Search" (Second Cause of Action); (3) "Deprivation of Civil Rights as a Result of Official Custom or Policy" (Third Cause of Action); and (4) "Deprivation of Civil Rights as a Result of All Entity [sic], In their Official Capacity, Defendants' Failure to Train Their Officers" (Fourth Cause of Action).

In support of said claims, plaintiffs allege the following: On or about November 14, 2006, police officers employed by Fremont forcibly entered Mark Ottovich's office, without a warrant, in search of Harvey Ottovich, Mark's brother. (Id. ¶¶ 12b,[4] 21, 23.) At such time, Harvey was not present at Mark's office (id. ¶ 23), and Mark was arrested under the "pretext" that said officers believed Mark to be Harvey (id. ¶ 31). The officers were on notice that Mark was not Harvey by reason of, inter alia, repeated statements by an employee at the scene that Harvey was not present (id. ¶¶ 24), identifications of Mark by two other individuals who worked and/or lived in the building (id. ¶ 32), Mark's arrest in an office having a door bearing his name and while he was carrying identification in his name (id. ¶ 31), and the officers' receipt of a description of Mark from the police dispatcher (id. ¶

---

[2] Although the SAC is ambiguous on the point, plaintiffs' opposition makes clear that Harvey Ottovich is not alleging any claims against Fremont. (See Pl.'s Opp'n at 1:25-2:2, 6:3-6.) Consequently, all claims to which the instant motion is addressed are brought solely on behalf of Mark Ottovich.

[3] The instant action was removed on the basis of plaintiffs' First Amended Complaint by which plaintiffs alleged, as against Fremont, only state law claims.

[4] The SAC contains two paragraphs numbered "12." For purposes of clarity, the Court will refer to such paragraphs, respectively, as "12a" and "12b."

32). No charges were filed against Mark arising from the above-described events. (Id. ¶ 29.)

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

**DISCUSSION**

**A. Municipal Liability under Section 1983**

Municipalities and other local governments are deemed "persons" under § 1983 and are subject to liability thereunder where an alleged constitutional violation is the result of official policy or custom. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A plaintiff may demonstrate municipal liability, based on policy or custom,

in one of three ways. First, a plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." See Gillette v. Delmore, 979 F. 2d 1342, 1346 (9th Cir. 1992) (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989)) (internal quotation omitted). Second, a plaintiff may "establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy." See Gillette, 979 F.2d at 1346. Third, a plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Id. at 1346-47. A municipality may not, however, be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior. See Monell, 436 U.S. at 691; see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

### B. Plaintiffs' Claims

#### 1. First Cause of Action: Unconstitutional Seizure

In the First Cause of Action, plaintiffs allege Fremont "violated [Mark Ottovich's] civil right to be free from unreasonable seizure" by the above-described warrantless arrest conducted by Fremont police officers. (SAC ¶ 45.) As described above, a municipality may not be held liable under § 1983 "solely on the basis of the existence of an employer-employee relationship with a tortfeasor." See Brown, 520 U.S. at 403. Rather, a plaintiff is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." See id. (citing Monell, 436 U.S. at 694).

Here, as Fremont points out, the First Cause of Action is deficient for the reason that plaintiffs have not alleged therein that a municipal policy or custom caused the alleged violation of Mark Ottovich's constitutional rights, and thus plaintiffs have pleaded no more than a theory of liability based on respondeat superior. In response, plaintiffs do not argue to the contrary. Rather, plaintiffs' opposition to dismissal of the First Cause of Action is directed solely to the sufficiency of their allegations to support a Fourth Amendment claim

4

against the individual Fremont police officers. (See Pl.'s Opp'n at 3:19-4:11.)

Accordingly, to the extent it pertains to Fremont, the First Cause of Action will be dismissed.

### 2. Second Cause of Action: Unconstitutional Search

In the Second Cause of Action, plaintiffs allege Fremont violated Mark Ottovich's Fourth Amendment rights when, as described above, Fremont police officers entered and searched his office. (SAC ¶¶ 48-51.) As Fremont again points out, such claim, to the extent it is alleged against Fremont, contains no allegation that plaintiff's injuries were the result of any municipal policy or custom. Again, plaintiffs do not argue to the contrary and instead direct their response solely to the sufficiency of their allegations to establish liability on the part of the individual police officers. (See Pl.'s Opp'n at 4:11-4:23.)

Accordingly, for the reasons set forth above with respect to the First Cause of Action, the Second Cause of Action, to the extent it pertains to Fremont, will be dismissed.

### 3. Third Cause of Action: Deprivation of Civil Rights as a Result of Official Custom or Policy

In the Third Cause of Action, plaintiffs allege the above-described constitutional violations by Fremont police officers were the "result of official policy or custom of the City of Fremont." (SAC ¶ 55).[5] Fremont moves to dismiss the Third Cause of Action on the ground that the allegations contained therein are "wholly conclusory, unsupported by any factual allegations and insufficient to withstand dismissal under Iqbal." (See Mot. at 8:23-24.)

In support of the Third Cause of Action, plaintiffs' allege that the named Fremont police officers, for "approximately 34 years," have engaged in an "ongoing pattern and practice" of "harrassing and arresting [Mark Ottovich]" (SAC ¶¶ 12b,13) as evidenced by the following: "[o]n several occasions he [was] arrested but no charges were filed against him, or the complaint filed by the district attorney was dismissed" (id. ¶ 13), he "has been

---

[5] The SAC contains two paragraphs numbered "54" and no paragraph numbered "55." For purposes of clarity, the Court will refer to the second of said paragraphs as paragraph " 55."

pulled to the side of the road" and "giv[en] a sobriety test . . . when he does not drink" (id. ¶ 13), and, in 2008, he was arrested for "dumping garbage in a dumpster when in fact he was . . . authorized" to do so (id. ¶ 14).

As noted, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." See Iqbal, 129 S. Ct. at 1949 (internal quotation and citation omitted). Here, plaintiffs' allegations are insufficient to support a plausible claim that the alleged constitutional violations were the result of either a "formal governmental policy or a longstanding practice or custom which constitutes the 'standard operation procedure' of the local governmental entity." See Gillette, 979 F.2d at 1346 (internal quotation and citation omitted). Nor is such claim saved by plaintiffs' argument, even if included as an allegation in the complaint, that "[p]olice officers ordinarily enforce their city's official policies and customs." (See Pl.'s Opp'n at 5:6-7); see also Iqbal, 129 S. Ct. at 1950 (holding "conclusions couched as factual allegations" insufficient to support claim).

Accordingly, the Third Cause of Action will be dismissed.

### 4. Fourth Cause of Action: Deprivation of Civil Rights as a Result of Defendant's Failure to Train its Officers

In the Fourth Cause of Action, plaintiffs allege Mark Ottovich suffered the above-described injuries because Fremont's "training program was not adequate to train its officers to properly handle usual and recurring situations" (SAC ¶ 58b),[6] and Fremont was "deliberately indifferent to the need to train its officers adequately" (SAC ¶ 59).

"[T]he inadequacy of a police training program may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." See City of Canton v. Harris, 489 U.S. 378, 388 (1989). "That a particular officer may be unsatisfactorily trained," however, "will not alone suffice to fasten liability on the city, for the officer's shortcomings may have

---

[6] The SAC contains two paragraphs number "58." For purposes of clarity, the Court will refer to such paragraphs, respectively, as "58a" and "58b."

6

resulted from factors other than a faulty training program." See id. at 390-91. "[F]or liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." See id. at 391.

Here, the SAC fails to identify any deficiency in Fremont's training program, let alone how any such deficiency reflects deliberate indifference or resulted in the alleged injury to Mark Ottovich. Rather, plaintiffs' allegations are wholly conclusory, and consequently, insufficient to support plaintiffs' claim. See Iqbal, 129 S. Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Accordingly, to the extent it is alleged against Fremont, the Fourth Cause of Action will be dismissed.

## CONCLUSION

For the reasons stated above, Fremont's Motion to Dismiss is hereby GRANTED and plaintiffs' First through Fourth Causes of Action as alleged against Fremont are hereby DISMISSED as follows:

1. Plaintiffs' First and Second Causes of Action are dismissed without leave to amend.

2. Plaintiffs' Third and Fourth Causes of Action are dismissed with leave to amend.

3. Plaintiffs' Third Amended Complaint, if any, shall be filed on or before April 16, 2010.

**IT IS SO ORDERED.**

Dated: March 16, 2010

MAXINE M. CHESNEY
United States District Judge

7