United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MARK OTTOVICH, et al.,                    No. C 09-4181 MMC

12               Plaintiffs,                   **ORDER DENYING PLAINTIFF'S
                                               MOTION TO REOPEN DISCOVERY AND**
13      v.                                     **MOTION FOR LEAVE TO FILE MOTION
                                               FOR RECONSIDERATION OF**
14   CITY OF FREMONT, et al.,                  **SANCTIONS**

15               Defendants.
     _____/

16

17        Before the Court are plaintiff Mark Ottovich's (1) Motion to Reopen Discovery and

18   (2) Motion to Reconsider Sanctions and to Vacate Order of November 16, 2012, both filed

19   April 26, 2013.  Defendants have filed opposition, to which plaintiff has replied.[1]  Having

20   read and considered the papers submitted in support of and in opposition to the motions,

21   the Court rules as follows.[2]

22   **A.  Motion to Reopen Discovery**

23        Plaintiff moves to reopen discovery pursuant to Rule 16(b) of the Federal Rules of

24   Civil Procedure, which, in relevant part, provides: "a schedule may be modified only for

25   _____

26        [1] Plaintiff's replies were due no later than June 14, 2013 (see Order, filed May 10,
     2013), but were not filed until June 24, 2013.  Nevertheless, the Court has considered all
27   briefing submitted by plaintiff in support of the above-referenced motions.

28        [2] By order filed June 25, 2013, the Court deemed the matters appropriate for
     decision on the parties' respective filings and vacated the hearing scheduled for June 28,
     2013.

1  good cause and with the judge's consent." <u>See</u> Fed. R. Civ. P. 16(b)(4).[3]  "Rule 16(b)'s

2  'good cause' standard primarily considers the diligence of the party seeking the

3  amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992);

4  <u>see also</u> Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (noting district

5  court may modify pretrial schedule "if it cannot reasonably be met despite the diligence of

6  the party seeking the extension.")  "If [the party seeking the modification] was not diligent,

7  the inquiry should end there." <u>See</u> <u>Johnson</u>, 975 F.2d at 609.  Here, plaintiff has not made

8  the requisite showing of diligence.

9         In that regard, the court first notes that the case was filed in state court almost four

10  years ago, and has been pending in federal court since September 2009.  Following

11  extensive motion practice and plaintiff's filing of multiple amended complaints, the Court

12  issued its initial pretrial preparation order, setting October 12, 2011 and December 16,

13  2011 as the deadlines for completion of non-expert and expert discovery, respectively.

14  (<u>See</u> Pretrial Preparation Order, filed Oct. 8, 2010; Am. Pretrial Preparation Order, filed

15  Jan. 6, 2011.)[4]  From November 2009 to December 2011, plaintiff was represented by

16  counsel, and conducted no discovery during that period.  (<u>See</u> Helfrich Decl. ¶ 4.)  Plaintiff

17  requests the Court not impute to him any omissions on the part of his attorney.  Plaintiff,

18  however "voluntarily chose this attorney as his representative in the action, and he cannot

19  now avoid the consequences of the acts or omissions of this freely selected  agent." <u>See</u>

20  Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962) (holding "each party is deemed bound

21  by the acts of his lawyer-agent").  Further, as discussed below, plaintiff himself has, without

22  good cause, failed to avail himself of the more than adequate time provided by the Court

23  for discovery.

24  _____

25         [3] Although, as plaintiff correctly notes, Rule 16(b) governs the instant motion, he also
   relies on Rule 60(b), which rule sets forth the grounds for relief "from a final judgment,
26  order, or proceeding." <u>See</u> Fed. R. Civ. P. 60(b).  As the Court's scheduling order is not a
   final judgment, order, or proceeding, Rule 60(b) is inapplicable.
27

28         [4] The initial order was amended to correct a typographical error.

2

1    On December 12, 2011, the Court granted plaintiff's attorney's motion to withdraw.

2 (See Order, filed Dec. 12, 2011.)  Thereafter, the Court stayed discovery and twice

3 continued the proceedings to afford plaintiff the opportunity to obtain new counsel.  (See

4 Minute Entry, filed Jan. 27, 2012; Minute Entry, filed Mar. 16, 2012.)  When, at the Case

5 Management Conference held April 20, 2012, plaintiff reported he was unable to find

6 representation, the Court issued a revised scheduling order, setting October 15, 2012 and

7 November 16, 2012 as the new deadlines for non-expert and expert discovery,

8 respectively.  (See Minute Entry, filed, Apr. 20, 2012; Second Am. Pretrial Preparation

9 Order, filed Apr. 20, 2012.)

10    Despite his having been afforded those additional six months in which to conduct

11 discovery, plaintiff took no steps to do so.  By way of explanation, plaintiff states he

12 conducted no discovery "because he mistakenly believed that he knew this case and did

13 not feel he needed discovery based on his trial experience" and because he "failed to

14 appreciate and recognize the importance of discovery."  (See Mot. to Reopen Discovery

15 ("Mot. to Reopen") at 5:2-3, 13.)[5]

16    Plaintiff, however, was alerted to the importance of conducting discovery as he

17 personally appeared at the Case Management Conference at which the Court stayed

18 discovery to allow him to obtain, and thus to conduct discovery with the assistance of, new

19 counsel (see Minute Entry, filed Jan. 27, 2012); he also personally appeared at the Case

20 Management Conference at which the Court reset the discovery deadlines in light of his

21 stated inability to obtain counsel (see Minute Entry, filed Apr. 20, 2012); and, as of the date

22 set for completion of non-expert discovery, he had been served on five separate occasions

23 with notices to appear for his own deposition (see Helfrich Decl. ¶¶ 6-8).

24 _____

25    [5] In addition to explaining he thought discovery was unnecessary, plaintiff states he
was "dealing with the stress of having twelve legal cases" and expected "three new ones to
26 be filed," that he was experiencing "memory problems," and that his brother was
hospitalized on various occasions.  (See Mot. to Reopen at 5-7.)  At no point before the
27 present, however, did plaintiff file a motion seeking to extend the discovery deadlines on
account of any such matter.
28

3

1    In sum, plaintiff has failed to either show an inability to comply with the Court's

2  scheduling order or diligence in seeking modification thereof, and, thus fails to show good

3  cause for the requested extensions.  See Kuschner v. Nationwide Credit, Inc., 256 F.R.D.

4  684, 687 (E.D. Cal. 2009) (holding good cause may be found if moving party shows (1)

5  "that [he] is unable to comply with the scheduling order's deadlines due to matters that

6  could not have reasonably been foreseen at the time of the issuance of the scheduling

7  order," and (2) "that [he] was diligent in seeking an amendment once it became apparent

8  that [he] could not comply with the scheduling order").

9    Accordingly, plaintiff's motion to reopen discovery is hereby DENIED.[6]

10 **B. Motion to Reconsider Sanctions**

11    Plaintiff moves the Court, pursuant to Rule 60(b) of the Federal Rules of Civil

12 Procedure, to reconsider its order imposing sanctions for his failure to appear at the above-

13 referenced five noticed depositions.  (See Order, filed Nov. 16, 2012); see also Fed. R. Civ.

14 P. Rule 37(d).  As noted, however, Rule 60(b) applies only to a final judgment, order, or

15 proceeding, see Fed. R. Civ. P. 60(b), and an order imposing discovery sanctions does not

16 constitute such an order, see Cunningham v. Hamilton Cnty., Ohio, 527 U.S. 198, 200

17 (1999) (holding order imposing sanctions under Rule 37 does not constitute final decision).

18 Consequently, the instant motion is governed by Rule 54(b) of the Federal Rules of Civil

19 Procedure, under which district courts have discretion to reconsider orders issued prior to

20 entry of final judgment.  See Fed. R. Civ. P. 54(b) (providing "any order . . . that adjudicates

21 fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be

22 revised at any time before the entry of a judgment").

23    In this district, a party seeking reconsideration must first request leave to file a

24 motion for reconsideration, see Civ. L.R. 7-9(a) (providing "[n]o party may notice a motion

25

26    [6] Plaintiff also requests leave to file a late expert witness disclosure.  (See Mot. to
   Reopen at 3.)  Plaintiff argues that, "[f]or the same reasons that discovery should be re-
27 opened, plaintiff should be allowed to disclose an expert witness."  (See id. at 3:15-16.)  As
   discussed above, plaintiff has not shown good cause for modifying the scheduling order.
28 Accordingly, plaintiff's request is hereby DENIED.

4

1  for reconsideration without first obtaining leave of Court to file the motion"), which plaintiff

2  has not done.  As plaintiff is proceeding pro se, however, the Court will treat the instant

3  motion as a motion for leave to file a motion for reconsideration.  In that regard, a party

4  seeking leave to file a motion for reconsideration "must specifically show":

5      (1) That at the time of the motion for leave, a material difference in fact or
       law exists from that which was presented to the Court before entry of the
6      interlocutory order for which reconsideration is sought. The party also must
       show that in the exercise of reasonable diligence the party applying for
7      reconsideration did not know such fact or law at the time of the interlocutory
       order; or
8
       (2) The emergence of new material facts or a change of law occurring after
9      the time of such order; or

10     (3) A manifest failure by the Court to consider material facts or dispositive
       legal arguments which were presented to the Court before such
11     interlocutory order.

12  See Civ. L.R. 7-9(b)(1)-(b)(3).

13      Plaintiff's motion fails to make the requisite showing.  First, rather than addressing

14  any of the above-referenced grounds for reconsideration of the Court's ruling on

15  defendant's motion for sanctions, plaintiff focuses primarily on his reasons for his failure to

16  file opposition thereto, again pointing to his numerous pending lawsuits and other

17  distractions.  (See Mot. for Reconsideration of Sanctions ("Mot. for Reconsideration") at 3-

18  5.)  To the extent plaintiff addresses the merits of defendant's motion for sanctions, he

19  endeavors to excuse his multiple failures to appear for deposition by stating he "inform[ed]

20  opposing counsel that proposed dates presented problems for [him] for various reasons"

21  (see id. at 3:2-3) and that he is "willing to be deposed after securing an attorney" (see

22  Ottovich Decl. ¶ 15).  He also states he is unable to pay the sanctions awarded "because

23  [of] financial hardships."  (See Mot. for Reconsideration at 7:2-3.)  Plaintiff, however, does

24  not in any manner suggest that any such circumstance is newly discovered by him.

25  Moreover, with the exception of plaintiff's asserted financial condition, all such

26  circumstances were called to the Court's attention by defendants at the time of their motion

27  (see Helfrich Decl. in Supp. of Mot. for Sanctions, filed Oct. 24, 2012, ¶¶ 3-16 & Exs. 1-4),

28

1   and, consequently, were considered by the Court prior to its ruling thereon.

2       Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

3       **IT IS SO ORDERED**.

4   Dated:  June 26, 2013

5                                MAXINE M. CHESNEY
                                 United States District Judge