IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OTTOVICH, | No. C 09-4181 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CITY OF FREMONT, et al. | |
| Defendants. / | |

Before the Court is defendants City of Fremont Police officers Keith Farmer, Kenneth Heininge, Mark Dang, Ricardo Cortes and William Settle's (collectively "Fremont officer defendants") Motion to Dismiss Action Based on Plaintiff's Failure to Comply With Discovery, filed September 13, 2013, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. The Fremont officer defendants have filed opposition, to which plaintiff Mark Ottovich ("Ottovich") has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.[1]

## BACKGROUND[2]

On August 25, 2008, in the Superior Court of California, in and for the County of Alameda, Ottovich, proceeding pro se, filed the instant lawsuit against the City of Fremont ("the City") and twenty-five Doe police officers, alleging various claims based on an

---

[1] By order filed October 16, 2013, the Court took the matter under submission.

[2] Unless otherwise indicated, the following facts are not in dispute.

asserted wrongful arrest. On September 10, 2009, the City, based on Ottovich's First Amended Complaint, removed the case to federal court, and on November 11, 2009, Greg H. Mar ("Mar") filed an appearance as counsel of record for Ottovich. On December 18, 2009, the Court granted the City's motion to dismiss and gave Ottovich leave to name one or more individual officers as defendants, after which plaintiff, on January 7, 2010, filed a Second Amended Complaint, naming both the City and the above-referenced five Fremont officers as defendants. Ottovich's claims against the City were again dismissed with leave to amend, and on April 13, 2010, Ottovich filed a Third Amended Complaint, which thereafter was dismissed with prejudice as to the City and became the operative pleading as to the Fremont officer defendants. On October 8, 2010, the Court issued a Pretrial Preparation Order, setting a trial date of March 26, 2012, along with discovery deadlines and other pretrial dates.

On August 5, 2011, the Fremont officer defendants sent Ottovich a notice of deposition, setting his deposition for September 29, 2011 (see Helfrich Decl. ¶ 4), and, on September 9, 2011, a reminder notice was served on both Ottovich and his counsel (see id.). On September 27, 2011, two days before the deposition was scheduled to commence, Mar sent to counsel for the Fremont officer defendants an email stating Ottovich "w[ould] not be able to attend his deposition" and that counsel would "try to reschedule him." (See id.) Thereafter, Mar made no attempt to reschedule. (See id.)

On November 9, 2011, Ottovich's deposition was re-noticed for November 29, 2011, and notice was again served on both Ottovich and his counsel. (See id. ¶ 5.) During that month, Mar moved to withdraw as Ottovich's counsel, and, on November 28, 2011, Ottovich emailed defense counsel, stating he could not appear at his November 29, 2011 deposition "on such short notice." (Id. ¶ 6.) Thereafter, on December 12, 2011, the Court granted Mar's motion to withdraw, and, as of that date, Ottovich has proceeded pro se.

On April 20, 2012, the Court, in light of Ottovich's unrepresented status, issued an amended Pretrial Preparation Order, setting March 4, 2013, as the new trial date and extending the discovery deadlines and other pretrial dates.

On July 30, 2012, the Fremont officer defendants served another deposition notice, in this instance scheduling Ottovich's deposition for October 3, 2012, thereby again providing two-months notice to Ottovich. (See Helfrich Decl. ¶ 8.) On October 1, 2012, Ottovich, in response to an email from defendants' counsel reminding him of the deposition, informed counsel he would not appear, stating: "Ok thank you very much for reminding me. The third does not look good." (See id. ¶ 10.)

On October 4, 2012, the Fremont officer defendants served a new deposition notice, scheduling Ottovich's deposition for October 9, 2012. (See id.) Subsequently, after an exchange of emails wherein Ottovich asked that he not have to travel to San Francisco for his deposition, defendants' counsel agreed to arrange for the deposition to be conducted in the City of Fremont and to reschedule it for October 17, 2012, a date on which Ottovich confirmed he would be available. (See id.)

On October 10, 2012, in accordance with the parties' above-referenced agreement, defendants served a new deposition notice, scheduling Ottovich's deposition for October 17, 2012. (See id.) On October 15, 2012, however, Ottovich emailed defendants' counsel, stating he "need[ed] to cancel" as he had met with an attorney who told him he "need[ed] an attorney to be with [him] for the deposition" but that the attorney "[could] not make it on the 17th." (Id. ¶ 11.) When defendants' counsel responded that Ottovich's excuse was not acceptable, Ottovich sent another email, in which he stated:

> I am sorry I did not respond to you by 4:00 pm, but I filed another lawsuit today and was busy. I have eight active cases which I can verify. I can't tell you how to run your firm and if you want to file a motion to compel that is up to you, but I have good cause and would not unreasonably delay you. Please of (sic) advise of your availability in November 2012.

(Id. ¶ 12.)

On October 24, 2012, the Fremont officer defendants moved for an order directing Ottovich to appear for deposition, as well as for sanctions in the form of attorneys' fees and, upon Ottovich's failure to appear as directed, dismissal of the action. By orders filed November 16, 2012 and November 27, 2012, respectively, the Court granted the motion to the extent it sought attorneys' fees, ordered Ottovich to appear for deposition on

3

January 23, 2013, and denied the motion as premature to the extent it sought dismissal upon a future failure to appear as directed. Both orders were served on Ottovich by the Clerk of Court on the dates they were issued. Additionally, by separate order filed November 16, 2012 and served that same date on Ottovich, the Court, on motion of the Fremont officer defendants, vacated the trial date and related dates, finding said defendants' inability to depose Ottovich had "precluded them from preparing for trial." (Dkt. No. 99.)

By December 19, 2012, Ottovich had not paid the attorneys' fees, and the Fremont officer defendants moved for dismissal based thereon. On January 9, 2013, the Court denied the motion "without prejudice to defendants filing a motion to dismiss in the event plaintiff fails to appear at his court-ordered deposition on January 23, 2013." (Dkt. No. 105.)

On January 7, 2013, the Fremont officer defendants again served Ottovich with a notice of deposition, in this instance directing him to appear on January 23, 2013, pursuant to the Court's order, a copy of which was attached to the notice. (Helfrich Decl. ¶ 14.) "Shortly before the January 23, 2013 deposition,"[3] Ottovich again requested the deposition be postponed, this time for illness (see id.) and the parties agreed upon a new deposition date of March 15, 2013 (see id. ¶¶ 14, 15).

On January 31, 2013, defendants, yet again, served a notice of deposition on Ottovich, scheduling his deposition for the agreed upon date of March 15, 2013. (See id. ¶ 15.) "Just prior to the March 15, 2013 date,"[4] however, Ottovich contacted defendants' counsel to request a postponement based on his intent to retain counsel. (See id.) Defendants again agreed to postpone the deposition. (See id.) Ottovich's efforts to obtain counsel were not successful. (See id.)

On July 26, 2013, the parties attended a Case Management Conference at which

---

[3] The precise date is not in the record before the Court.

[4] The precise date is not in the record before the Court.

4

the Court issued its Third Amended Pretrial Preparation Order, set a trial date of June 2, 2014, and issued a directive that Ottovich's deposition "take place in the month of September 2013." (Dkt. Nos. 136, 137.)

In August 2013, defendants' counsel contacted Ottovich and asked him to provide a date in September on which he would be available for deposition. (See Helfrich Decl. ¶ 17.) After an exchange of emails, the parties agreed on September 10, 2013, and on August 16, 2013, defendants once again served Ottovich with a deposition notice, scheduling his deposition for September 10, 2013 at 10:00 a.m. (See id.)

On September 10, 2013, a court reporter and videographer waited with defendants' counsel at the designated location. Ottovich did not appear.[5]

**DISCUSSION**

**A. Dismissal**

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the district court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Such sanctions include orders deeming certain facts established, striking pleadings, imposing a stay pending compliance, entering a default judgment, and dismissing the action in whole or in part. See Fed. R. Civ. P. 37(b)(2)(A).

Given the severity of dismissal as a penalty, however, "the non-compliance must be due to willfulness, fault, or bad faith." Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) (internal quotation and citation omitted). Additionally, the court, before imposing such sanction, must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice

---

[5] Defendants' counsel states counsel, the reporter and the videographer waited at the designated location until 10:30 a.m., "by which time plaintiff had failed to appear or otherwise make contact" (see Helfrich Decl. ¶ 18), and that no one at her office received any communication from Ottovich "on or after September 10, 2013" (see Helfrich Reply Decl. ¶¶ 2, 3). Ottovich states he called defendants' counsel and left a message "upon realization of his inability to attend the deposition" and that he called again "after the day in court," but does not specify the date or hour at which any such communication was made. (See Opp'n at 2.)

5

1  to the party seeking sanctions; (4) the public policy favoring disposition of cases on their
2  merits; and (5) the availability of less drastic sanctions." Id. at 948 (internal quotation and
3  citation omitted). Because the first two ordinarily favor the imposition of sanctions and the
4  the fourth weighs against dismissal, "the key factors are prejudice and the availability of
5  lesser sanctions." Id. With the above considerations in mind, the Court first turns to the
6  question of willfulness.

7  In that regard, Ottovich focuses on his most recent nonappearance, stating he was
8  "surprise[d]" by an "unexpected" trial scheduled for September 6, 2013 in a probate matter,
9  that he became "pre-occupied with trying to get an extension for the trial date," that the trial
10 was continued from September 6 to September 10, 2013, the date on which he was
11 scheduled to be deposed, and that "[w]ith all the excitement of the trial . . . he inadvertently
12 forgot to cancel his deposition" until that morning. (See Opp'n at 2.)

13 The record of those state court proceedings, however, shows the September 6 trial
14 date was set by the probate court on May 15, 2013 (see Dkt., May 15, 2013, Estate of:
15 Jack L. Ottovich (Alameda County Case No. P-500021) (vacating May 24, 2013 trial date
16 and continuing trial to September 6, 2013).) Ottovich is not an inexperienced litigator; (See
17 Helfrich Decl. ¶ 12 (citing October 2012 email in which Ottovich stated he had just filed
18 another case and as of that time had "eight active cases").)

19 In any event, "'disobedient conduct not shown to be outside the control of the litigant'
20 is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948
21 (quoting Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985)). Here,
22 even if Ottovich's failure to appear on September 10, 2013, was, as he states,
23 "inadvertent," his ability to appear was not affected by any event outside his control. See
24 id.; see also Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding pro se
25 litigants not entitled to more favorable treatment than represented parties; affirming
26 summary judgment against pro se plaintiff who failed to read and follow local rules in
27 opposing motion).

28 Further, "[i]n evaluating the propriety of sanctions," a district court may "look at all

incidents of a party's misconduct." See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990). Here, over the course of the two-year period preceding his most recent failure to appear, Ottovich cancelled all of his scheduled depositions at the last minute, either without explanation or for a variety of asserted reasons, including the inability of unretained counsel to attend, illness, and preference for a different location. In each instance, counsel for the Fremont officer defendants endeavored to accommodate Ottovich's requests to reschedule and, in each instance, those efforts were to no avail. Under such circumstances, even if, as to any given nonappearance, Ottovich's proffered reason might be accepted, the Court finds his course of conduct, taken as a whole, demonstrates a willful refusal, rather than an inability, to participate in discovery.

The Court next turns to a consideration of the factors deemed primarily determinative of the court's exercise of its discretion to impose dismissal as a sanction. See Henry, 983 F.2d at 948 (identifying prejudice and availability of lesser sanctions as "key factors" in court's determination as to whether to impose dismissal as sanction).

First, as to prejudice, the Court notes that the instant lawsuit has been pending for more than five years, close to four of those years against the Fremont officer defendants, who, through no lack of diligence on their part, have not been able to conduct meaningful discovery and proceed to have the claims against them resolved. Although "delay alone has been held to be insufficient prejudice," Adriana, 913 F.2d at 1412, where, as here, "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case," a sufficient showing of prejudice has been made. See id. (finding prejudice established based on plaintiff's "repeated failure to appear at scheduled depositions" and refusal to comply with court-ordered production of documents).

Next, as the Fremont officer defendants point out and as discussed above, lesser sanctions have been tried and have not succeeded in accomplishing the desired result. In particular, the Court, on November 16, 2012, following the fifth of Ottovich's nine failures to appear for a scheduled deposition, ordered Ottovich to pay the attorney's fees incurred by the Fremont officer defendants in bringing a motion to compel his attendance at deposition.

7

1  The Court's order imposing said monetary sanctions was issued a year ago and, to date,
2  Ottovich has failed to comply.  Additionally, by separate order also filed in November 2012,
3  the Court ordered Ottovich to appear for deposition on January 23, 2013, and shortly
4  before that date he cancelled on grounds of illness.  Since that time, Ottovich has cancelled
5  every other deposition that has been scheduled.  Under such circumstances, a stay of the
6  action pending Ottovich's compliance would do no more than perpetuate the current
7  unacceptable posture of the case, and given the lack of discovery as to Ottovich's claims,
8  meaningful sanctions directed at the pleadings or presentation of evidence cannot be
9  formulated.  See Fed. R. Civ. P. 37(b) (listing alternative forms of sanctions available to
10 court).  Consequently, at this juncture of the case, the Court finds no sanction other than
11 dismissal of the action is practicable.

12 Accordingly, the Court finds good cause for dismissal has been shown.

**B. Monetary Sanctions**

14 The Fremont officer defendants also move for an award of attorney's fees and costs
15 incurred in preparing for and attending the September 10, 2013 deposition.

16 Where a party fails to comply with a discovery order, the Court, "instead of or in
17 addition to any other sanction[,] . . . must require the party failing to act . . . to pay the
18 reasonable expenses, including attorney's fees, caused by the failure, unless the failure
19 was substantially justified or other circumstances make an award of expenses unjust." Fed.
20 R. Civ. P. 37(d)(3).  "[T]he burden of showing substantial justification and special
21 circumstances is on the party being sanctioned." Hyde & Drath v. Baker, 24 F.3d 1162,
22 1171 (9th Cir.1994).  Here, the Court has found Ottovich's repeated failures to attend his
23 scheduled depositions constitute a willful refusal to be deposed, and Ottovich has identified
24 no "other circumstances mak[ing] an award of expenses unjust." See Fed R. Civ. P.
25 37(d)(3). Consequently, the Court finds an award of fees and costs is warranted and next
26 considers the amount claimed.

27 The Fremont officer defendants seek an award of attorney's fees in the amount of
28 $2345, as well as reporter's fees in the amount of $300 and videographer fees in the

8

amount of $270.  In support thereof, the Fremont officer defendants submit a declaration by their counsel, who states therein that her hourly rate is $175 and that she spent 10.4 hours preparing for the deposition, responding to Ottovich's failure to appear, and preparing defendants' motion to dismiss and supporting declaration; additionally counsel "anticipate[d] spending another three hours preparing a reply and attending the hearing on this motion," for a total of 13.4 hours.  (See Helfrich Decl. ¶ 19.)

The Court finds counsel's hourly rate of $175 and the 10.4 hours spent in connection with the September 10, 2013 deposition and preparation of the instant motion are reasonable.  Because the hearing on the motion was vacated, however, and counsel has not allocated the additional three hours between the preparation of the reply and counsel's appearance at the hearing, the Court will exclude those additional hours from its calculation and, consequently, finds the time reasonably expended and "caused by [Ottovich's] failure," to be 10.4 hours.  See Fed. R. Civ. P. 37(d)(3),   The Court further finds reasonable the costs incurred in retaining a reporter and videographer, whose services could not be used due to Ottovich's failure to attend. (See Helfrich Decl. ¶ 19.)

Accordingly, pursuant to Rule 37(d), the Fremont officer defendants are entitled to an award of attorney's fees in the amount of $1820 as well as costs in the amount of $570.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED and the above-titled action is hereby DISMISSED with prejudice.

2. Ottovich shall pay to defendants sanctions in the amount of $2390.

3. The Clerk of Court shall close the file.

IT IS SO ORDERED.

Dated: November 5, 2013

MAXINE M. CHESNEY
United States District Judge